PEOPLE, PLAINTIFF AND APPELLEE, v. RUIZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for Aggravated Assault and Battery.

No. 1992.—Decided December 22, 1922.

EVIDENCE — HEARSAY EVIDENCE. — The testimony of a witness regarding a spontaneous admission of the defendant can not be considered as hearsay evidence and is, therefore, admissible (*People* v. *Rosado,* 17 P. R. R. 417; *People* v. *Martinez,* 23 P. R. R. 212); and even hearsay evidence, if not objected to, is admissible and constitutes proof. (*Falero et al.* v. *Falero,* 15 P. R. R. 111.)

ID.—EXPERT TESTIMONY.—The testimony of a physician is admissible to show that a defendant is more than 21 years old when that fact is so apparent that not only an expert, but even an ordinary witness, could testify thereto. Section 320 of the Civil Code does not apply to a case of this kind.

The facts are stated in the opinion.

*Messrs. L. Abella Blanco* and *J. Valldejuli* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The defendant appeals from a judgment of conviction on a charge of aggravated assault and battery, the aggravating circumstance being that the assailed was a woman and the assailant a man of more than twenty-one years of age.

In support of his appeal the defendant assigns three errors, the first consisting in the admission of the hearsay evidence of José Guardiola.

The complaining witness and the defendant are husband and wife. The testimony of José Guardiola was to the effect that upon arriving at the defendant's store he found the defendant somewhat angry and when the witness asked him

what was the matter he said that he had just beaten his wife, but did not say why; that he went to her house, because they are cousins, and saw that she had a swollen eye which a physician was treating.

That testimony is not hearsay evidence, for it referred to a statement which was of the nature of a voluntary admission of the defendant, and, therefore, was admissible. *People* v. *Rosado,* 17 P. R. R. 417, and *People* v. *Martínez,* 23 P. R. R. 212. But even if it had been hearsay evidence it was admissible and constituted proof in the case, because it was not objected to. *Falero et al.* v. *Falero,* 15 P. R. R. 111.

The second error assigned is that the court admitted as evidence of the age of the defendant the testimony of Doctor Jesús María Rodríguez, instead of requiring the production of the best evidence, that is, a certified copy of the birth certificate of the defendant issued from the corresponding civil register, or a showing that the best evidence could not be secured.

The district attorney offered at the trial the testimony of a physician to prove that the defendant was over twenty-one years of age and the defendant objected on the ground that the best evidence was the birth certificate of the defendant, contending that until it was shown that the birth certificate did not exist the secondary evidence offered was not admissible. Section 320 of the Civil Code refers to proof of civil status and in this case the proof was not strictly of the civil status of the defendant. It was necessary to show that the defendant was an adult male, that is, that he was more than twenty-one years of age, and this fact may be so apparent that not only an expert but an ordinary witness may testify to it without the necessity of determining the exact date of birth or, consequently, the exact age of the defendant.

In the third assignment it is alleged that the court erred

in finding the defendant guilty of aggravated assault and battery, the said judgment being contrary to the evidence. The argument on this assignment is based on the contentions that the evidence was not sufficient and that it was not proved that the defendant was an adult male.

We have examined the evidence and find that it is sufficient to establish the commission of the crime by the defendant. As to the evidence that the defendant was an adult male, we are of the opinion that this fact was established also for the reasons given in discussing the second assignment.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.